Hon. Tiffany M. Cartwright

1
2
3
4
5
6
7
8
9

**THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
TACOMA DIVISION**

| | |
|---|---|
| SHAYNA MARIE LANDIN, on behalf of herself individually and on behalf of all others similarly situated, | Case No.: 3:24−cv−05115−TMC |
| Plaintiff, | **PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |
| v. | |
| HI-SCHOOL PHARMACY SERVICES, LLC, and HI-SCHOOL PHARMACY, INC., | **NOTE ON MOTION CALENDAR:** February 10, 2025 |
| Defendants. | |

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PLAINTIFF'S UNOPPOSED MOTION
FOR PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT -i-

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

## <u>TABLE OF CONTENTS</u>

I.  INTRODUCTION ...................................................................................................1

II.  STATEMENT OF FACTS ......................................................................................1

III.  PROCEDURAL HISTORY ....................................................................................2

IV.  THE SETTLEMENT TERMS .................................................................................2

    A.  Proposed Settlement Class ...........................................................................2

    B.  Settlement Benefits – Monetary Relief .........................................................2

        1. Documented Out-of-Pocket Losses ..................................................3

        2.  Pro Rata Cash Payment. ...................................................................3

        3.  Identity Theft Protection and Credit Monitoring. ...............................3

    C.  Class Notice and Settlement Administration ...................................................4

    D.  Attorneys' Fees and Expenses ......................................................................4

    E.  Service Award to Named Plaintiff .................................................................5

    F.  Release .......................................................................................................5

V.  LEGAL AUTHORITY ...........................................................................................6

VI.  ARGUMENT .........................................................................................................6

    A.  The Settlement Satisfies Rule 23(a) ...............................................................7

        1.  The proposed Class is sufficiently numerous. ....................................8

        2.  The Settlement Class Satisfies the Commonality Requirement ..............8

        3.  Plaintiff's claims and defenses are typical to those of the Settlement Class ...............................................................................9

        4.  Plaintiff will adequately protect the interests of the Class ....................9

    B.  The Requirements of Rule 23(b)(3) Are Met for Purposes of Settlement. ..........10

    C.  The Settlement Should Be Preliminarily Approved Pursuant to Rule 23(e) ........12

        1.  The Strength of Plaintiff's Case .......................................................13

        2.  The Risk, Expense, Complexity, and Likely Duration of Further Litigation ....................................................................................14

        3.  The Risk of Maintaining Class Action Status Through Trial ...............15

        4.  The Amount Offered in Settlement ...................................................16

        5.  The Extent of Discovery Completed and the Stage of Proceedings .......17

        6.  The Experience and Views of Counsel ..............................................17

        7.  Governmental Participants ...............................................................18

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

8.    The Reaction of the Class Members to the Proposed Settlement .......... 18

9.    Lack of Collusion Among the Parties .................................................... 18

10. The Settlement Treats Settlement Class Members Equitably ..................... 18

D.    The Court Should Approve the Proposed Notice Program .................................. 19

E.    Appointment of the Settlement Administrator .................................................... 21

F.    Appointment of Settlement Class Counsel........................................................... 21

VII.  CONCLUSION................................................................................................................. 22

PLAINTIFF'S UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT -iii-

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

## TABLE OF AUTHORITIES

**CASE(S)**                                                                                       **PAGE(S)**

*Amchem Prods., Inc. v. Windsor,*
    521 U.S. 591 (1997) ................................................................................ 7, 10, 11

*Burrows v. Purchasing Power, LLC,*
    No. 1:12-CV-22800-UU, 2012 WL 9391827 (S.D. Fla. Oct. 18, 2012)............................. 14

*Butler v. Sears, Roebuck & Co.,*
    727 F.3d 796 (7th Cir. 2013) ................................................................................ 10

*Calderon v. Wolf Firm,*
    No. SACV 16-1622-JLS(KESx), 2018 WL 6843723 (C.D. Cal. Mar. 13, 2018) ................ 16

*Class Plaintiffs v. City of Seattle,*
    955 F.2d 1268 (9th Cir. 1992) ................................................................................ 6

*Cohorst v. BRE Props.,*
    No. 3:10-CV-2666-JM-BGS, 2011 WL 7061923 (S.D. Cal. Nov. 9, 2011)........................ 18

*Eisen v. Carlisle & Jacquelin,*
    417 U.S. 156 (1974) ................................................................................ 20

*Ellis v. Costco Wholesale Corp.,*
    657 F.3d 970 (9th Cir. 2011) ................................................................................ 7, 9

*Fox v. Iowa Health Sys.,*
    No. 3:18-CV-00327-JDP, 2021 WL 826741 (W.D. Wis. Mar. 4, 2021) ......................... 14

*Franklin v. Kaypro Corp.,*
    884 F.2d 1222 (9th Cir. 1989) ................................................................................ 13

*G. F. v. Contra Costa Cty.,*
    No. 13-cv-03667-MEJ, 2015 WL 4606078 (N.D. Cal. July 30, 2015)............................... 18

*Gordon v. Chipotle Mexican Grill, Inc.,*
    No. 17-cv-01415-CMA-SKC, 2019 WL 6972701 (D. Colo. Dec. 16, 2019) ..................... 14

*Hammond v. The Bank of N.Y. Mellon Corp.,*
    No. 08 Civ. 6060 (RMB) (RLE), 2010 WL 2643307 (S.D.N.Y. June 25, 2010).................. 14

*Hanlon v. Chrysler Corp.,*
    150 F.3d 1011 (9th Cir. 1998) ................................................................ 9, 10, 13

*Hartranft v. TVI, Inc.*,
No. 15-01081-CJC-DFM, 2019 WL 1746137 (C.D. Cal. Apr. 18, 2019) ........................... 21

*Hillman v. Lexicon Consulting, Inc.*,
No. EDCV 16-01186-VAP(SPx), 2017 WL 10433869 (C.D. Cal. April 27, 2017) ............. 17

*Hunichen v. Antonomi LLC*,
No. C19-0615-RAJ-SKV, 2021 WL 5854964 (W.D. Wash. Nov. 12, 2021) ...................... 12

*Huynh v. Quora, Inc.*,
508 F. Supp. 3d 633 (N.D. Cal. 2020) .................................................................. 13

*In re Bluetooth Headset Prods. Liab. Litig.*,
654 F.3d 935 (9th Cir. 2011) .............................................................................. 13

*In re Hyundai & Kia Fuel Economy Litig.*,
926 F.3d 539 (9th Cir. 2019) ........................................................................... 8, 20

*In re LinkedIn User Priv. Litig.*,
309 F.R.D. 573 (N.D. Cal. 2015) ........................................................................ 17

*In re Marriott International Customer Data Securities Breach Litigation*,
341 F.R.D. 128 (D. Md. 2022) ............................................................................ 16

*In re Marriott Int'l, Inc.*,
78 F.4th 677 (4th Cir. 2023) .............................................................................. 16

*In re Online DVD-Rental Antitrust Litig.*,
779 F.3d 934 (9th Cir. 2015) ............................................................................. 19

*In re Tableware Antitrust Litig.*,
484 F. Supp. 2d 1078 (N.D. Cal. 2007) ............................................................... 19

*In re Target Corp. Customer Data Sec. Breach Litig.*,
MDL No. 14-2522, 2017 WL 2178306 (D. Minn. May 17, 2017) ............................... 17

*In re the Home Depot, Inc., Customer Data Sec. Breach Litig.*,
No. 1:14-MD-02583-TWT, 2016 WL 6902351 (N.D. Ga. Aug. 23, 2016) .............. 8, 16, 17

*In re U.S. Office of Pers. Mgmt. Data Sec. Breach Litig.*,
266 F. Supp. 3d 1 (D.D.C. 2017) ........................................................................ 15

*In re Yahoo Mail Litig.*,
13-CV-4980, 2016 WL 4474612 (N.D. Cal. Aug. 25, 2016) ...................................... 5

*Just Film, Inc. v. Buono*,
847 F.3d 1108 (9th Cir. 2017) ........................................................................ 9, 11

PLAINTIFF'S UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT -v-

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

*Linney v. Cellular Alaska P'ship*,
    151 F.3d 1234 (9th Cir. 1998) ................................................................... 14, 17

*Local Joint Exec. Bd. of Culinary/ Bartender Trust Fund v. Las Vegas Sands, Inc.*,
    244 F.3d 1152 (9th Cir. 2001) ....................................................................... 11

*Lucas v. Kmart Corp.*,
    234 F.R.D. 688 (D. Colo. 2006) ..................................................................... 13

*Meyer v Portfolio Recovery Associates*,
    707 F.3d 943 (9th Cir. 2012) ........................................................................... 9

*Nat'l Rural Telecomm. Coop. v. DirecTV, Inc.*,
    221 F.R.D. 523 (C.D. Cal. 2004) ................................................................... 18

*Norton v. Maximus, Inc.*,
    2017 WL 1424636 (D. Idaho Apr. 17, 2017) ................................................ 18

*Orantes-Hernandez v. Smith*,
    541 F. Supp. 351 (C.D. Cal. 1982) .................................................................. 8

*Paredes Garcia v. Harborstone Credit Union*,
    No. 3:21-CV-05148-LK, 2023 WL 4315117 (W.D. Wash. July 3, 2023) ........... 19

*Pauley v. CF Entertainment*,
    No. 2:13-CV-08011-RGK-CW, 2020 WL 5809953 (C.D. Cal.) .......................... 5

*Paz v. AG Adriano Goldschmeid, Inc.*,
    No. 14CV1372DMS(DHB), 2016 WL 4427439 (S.D. Cal. Feb. 29, 2016) .......... 15

*Phillips Petroleum Co. v. Shutts*,
    472 U.S. 797 (1985) ..................................................................................... 20

*Rannis v. Recchia*,
    380 Fed. App'x 646 (9th Cir. 2010) ................................................................. 8

*Roe v. Frito-Lay, Inc.*,
    No. 14-cv-00751, 2017 WL 1315626 (N.D. Cal. Apr. 7, 2017) ........................ 19

*Smith v. Triad of Ala., LLC*,
    No. 1:14-CV-324-WKW, 2017 WL 1044692 (M.D. Ala. Mar. 17, 2017) .......... 16

*Spencer v. #1 A LifeSafer of Ariz., LLC*,
    No. CV-18-02225-PHX-BSB, 2019 WL 1034451 (D. Ariz. Mar. 4, 2019) ........ 21

*Tuttle v. Audiophile Music Direct Inc.*,
    1081JLR, 2023 WL 3318699 (W.D. Wash. May 9, 2023) ................................. 12

PLAINTIFF'S UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT -vi-

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

*Tyson Foods, Inc. v. Bouaphakeo*,
    136 S. Ct. 1036 (2016) ...................................................................................10

*Valentino v. Carter-Wallace, Inc.*,
    97 F.3d 1227 (9th Cir. 1996) .........................................................................12

*Wallace v. Health Quest Sys., Inc.*,
    No. 20 CV 545 (VB), 2021 WL 1109727 (S.D.N.Y. Mar. 23, 2021)...................13

*Wal-Mart Stores, Inc. v. Dukes*,
    564 U.S. 338 (2011) .........................................................................................8

*Wolin v. Jaguar Land Rover N. Am., LLC*,
    617 F.3d 1168 (9th Cir. 2010) ...............................................................11, 12

**RULES**

Fed. R. Civ. P. 23 ....................................................................... 8, 9, 19, 22

Fed. R. Civ. P. 23(a) ..................................................................... 7, 9, 10

Fed. R. Civ. P. 23(a)(1) ...........................................................................8

Fed. R. Civ. P. 23(a)(3) ...........................................................................9

Fed. R. Civ. P. 23(a)(4) ...................................................................9, 11

Fed. R. Civ. P. 23(b)(1), (2) or (3) ..................................................... 10

Fed. R. Civ. P. 23(b)(3) ................................................................10, 11, 19

Fed. R. Civ. P. 23(b)(3)(D) ................................................................... 11

Fed. R. Civ. P. 23(c)(2) ........................................................................20

Fed. R. Civ. P. 23(c)(2)(B) ................................................................... 19

Fed. R. Civ. P. 23(e) .................................................................6, 12, 13, 19

Fed. R. Civ. P. 23(e)(1)(B) ..........................................................12, 19

Fed. R. Civ. P. 23(e)(2); and (ii) ....................................................... 12

Fed. R. Civ. P. 23(g)(1)(A)(i–iv) ......................................................22

Fed. R. Civ. P. 23(g)(1)(B) ..................................................................22

PLAINTIFF'S UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT -vii-

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

**OTHER AUTHORITIES**

Manual for Complex Litigation (Fourth), § 21.632...................................................................7

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

## I.    INTRODUCTION

Plaintiff Shayna Marie Landin ("Plaintiff") submits this Unopposed Motion for Preliminary Approval of Class Action Settlement. Defendants Hi-School Pharmacy Services LLC and Hi-School Pharmacy, Inc. (collectively "Defendant" or "Hi-School") do not oppose certification of the Settlement Class[1] solely for purposes of facilitating the settlement sought to be approved in this motion, and do not oppose the relief sought in this motion. Plaintiff strongly believes the Settlement is fair, reasonable, and adequate, and respectfully requests that the Court grant preliminary approval and direct notice be distributed to Class Members.

## II.    STATEMENT OF FACTS

This matter is a putative class action arising out of a data breach of Hi-School's computer systems that Hi-School discovered on or about November 3, 2023 (the "Data Incident"). During the Data Incident, an unauthorized actor gained access to certain files on Hi-School's network; those files contained information related to certain individuals, their names, Social Security numbers, and dates of birth (personal identifiable information or "PII").

After Hi-School learned of the Data Incident, it notified approximately 17,662 current and former customers and employees that their PII may have been impacted by the Data Incident. Plaintiff brought this action on behalf of all persons whose PII may have been compromised, alleging claims based on Hi-School's failure to: (i) adequately protect PII; (ii) warn of its inadequate information security practices; and (iii) effectively monitor its network for security vulnerabilities and incidents. Plaintiff asserted claims for (i) negligence, (ii) breach of implied contract, (iii) unjust enrichment, and (iv) violation of the Washington State Consumer Protection Act, RCW 19.86.010, *et seq*.

Hi-School denies each and all of the claims and contentions alleged against it in the Litigation. Hi-School denies all wrongdoing or liability associated with the Data Incident that Plaintiff alleged, or which could be alleged, in the Litigation.  Nonetheless, Hi-School has

---

[1] Unless otherwise indicated, all capitalized terms used herein have the same meaning as those used in the Settlement Agreement ("S.A."), attached as Exhibit 1 to the Declaration of Gary M. Klinger, filed in support of this motion.

PLAINTIFF'S UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT - 1

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

concluded that further conduct of the Litigation would be protracted and expensive, and that it is desirable that the Litigation be fully and finally settled in the manner and upon the terms and conditions set forth in this Settlement Agreement.

## III.    PROCEDURAL HISTORY

After Hi-School sent its notice, on February 12, 2024 Plaintiff filed a putative class action lawsuit against Hi-School concerning the Data Incident. Defendant answered the Complaint on April 11, 2024, and the Court entered a scheduling order on June 18, 2024. Over the course of several months, the parties engaged in settlement negotiations. The parties then agreed to participate in early mediation and prior to doing so, informally exchanged discovery sufficient to inform the parties' negotiations. On October 18, 2024, the parties participated in an arm's-length, full-day, mediation session with experienced mediator Jill Sperber of Judicate West. Through the assistance of Ms. Sperber, the parties reached a settlement in principle.

In the months following the mediation, the Settling Parties continued to discuss the finer points of the Settlement and draft and finalize the Settlement and Settlement Agreement for which Plaintiff seeks preliminary approval today.

## IV.    THE SETTLEMENT TERMS

### A.    Proposed Settlement Class

The Proposed Settlement will provide substantial relief for the Settlement Class, which is defined as: "all U.S. residents whose Personal Information was compromised in the Data Incident disclosed by Defendant, on or about December 5, 2023." S.A. ¶ 41. The Settlement Class contains approximately 17,662 individuals. Declaration of Gary M. Klinger in Support of Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement ("Klinger Dec.") ¶ 26.

### B.    Settlement Benefits – Monetary Relief

Within twenty-one days of an order granting preliminary approval of the Settlement, Defendant will fund a non-reversionary cash settlement fund in the amount of $600,000.00 S.A. ¶ 49. Settlement Class Members may claim: (a) Documented Out-of-Pocket Losses of up to $5,000

PLAINTIFF'S UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT - 2

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

upon submission of a claim and supporting documentation; (b) in lieu of Documented Out-of-Pocket Losses or Identity Theft Protection and Credit Monitoring, Settlement Class Members may submit a claim for a pro rata cash payment from the Settlement Fund; and/or (c) in addition to Documented Out-of-Pocket Losses, or in lieu of a Pro Rata Cash Payment, Settlement Class Members may submit a Claim to accept two years of free identity theft and credit monitoring services. *Id.* ¶¶ 50-52.

### 1. Documented Out-of-Pocket Losses.

The first category of payments is designed to provide reimbursement for out-of-pocket monetary losses incurred as a result of the Incident, including, without limitation, unreimbursed losses relating to fraud or identity theft; professional fees including attorneys' fees, accountants' fees, and fees for credit repair services; costs associated with freezing or unfreezing credit with any credit reporting agency; credit monitoring costs that were incurred on or after the Incident through the date of claim submission; and miscellaneous expenses such as notary, fax, postage, copying, mileage, and long-distance telephone charges. To receive reimbursement for out-of-pocket losses, Settlement Class Members must submit a Valid Claim, including supporting documentation, to the Settlement Administrator. *Id.* ¶ 50.

### 2. Pro Rata Cash Payment.

Settlement Class Members are separately eligible to make a claim for a pro rata share of the Settlement Fund. *Id.* ¶ 51. The amount of the Pro Rata Cash Payment shall be calculated using the net remainder of the Settlement Fund following payment of any Attorneys' Fees, Costs, and Expenses, any Service Award, the Settlement Administration Costs, Documented Out-of-Pocket Losses, and Identity Theft Protection and Credit Monitoring. *Id.* Settlement Class Members who make a claim for the Pro Rata Cash Payment may not also make a claim for Documented Out-of-Pocket Losses, and Identity Theft Protection and Credit Monitoring. *Id.*

### 3. Identity Theft Protection and Credit Monitoring.

In addition to Documented Out-of-Pocket Losses, or in lieu of a Pro Rata Cash Payment, Settlement Class Members may submit a Claim to accept two years of three-bureau free identity

theft and credit monitoring services. *Id*. ¶ 52. Settlement Class Members who elect to receive a Pro Rata Cash Payment are not eligible to claim Credit Monitoring and Identity Theft Protection. *Id*.

### C.     Class Notice and Settlement Administration

The Settlement Administration Costs will be paid from the $600,000 Settlement Fund. *Id*. ¶¶ 49, 71. Notice will be given to the Settlement Class via individual notice, which will be given by mailing the Short-Form notice (Exhibit C to the Settlement Agreement) to the last known mailing address for Settlement Class Members. *Id.* ¶ 62(a). A Long Notice, attached to the Settlement Agreement as Exhibit B, will also be posted on the settlement website, which will be established by the Settlement Administrator within 30 days of the entry of the Preliminary Approval Order (the "Notice Deadline"), along with other important documents such as the Settlement Agreement and the motions for final approval and for attorneys' fees and expenses. *Id*. ¶ 62(b). The notice documents are clear and concise and directly apprise Class Members of all the information they need to know to make a claim or to opt-out or object to the Settlement. Furthermore, a toll-free help line staffed with a reasonable number of live operators shall be made available to address Settlement Class Members' inquiries. *Id.*¶ 62(c)*,* Exs. B-C.

Moreover, the parties have agreed to use Simpluris, a nationally recognized and well-regarded class action settlement administrator, to serve as Settlement Administrator, subject to the Court's approval. Klinger Dec. ¶ 33.

### D.     Attorneys' Fees and Expenses

If the Settlement is preliminarily approved, proposed Class Counsel plan to petition the Court for an award of reasonable attorneys' fees and costs after the Settlement Class has received notice of the Settlement. Fourteen (14) days before the Opt-Out and Objection Deadlines Plaintiff will file a motion seeking an award of reasonable attorneys' fees as well as reimbursement of their reasonable costs and litigation expenses incurred of up to thirty-three (33%) of the Settlement Fund. S.A. ¶ 83. As will be further explained in that motion, Class Counsel's fee request is well within the range of reasonableness for Settlements of this nature and size.

PLAINTIFF'S UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT - 4

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

**E.    Service Award to Named Plaintiff**

Plaintiff in this case has been vital to litigating this matter and has stayed in regular contact with counsel, provided important information and documents regarding the action, regularly communicated with Class Counsel, and reviewed documents and assisted with settlement efforts. Plaintiff also took a risk by serving as the Representative Plaintiff and using her name on public pleadings. Plaintiff has been personally involved in the case and supports the Settlement. Klinger Dec., ¶ 39. Plaintiff will separately petition the Court for a Service Award of $3,000 in recognition of the time, effort, and expense she incurred pursuing claims that benefited the Settlement Class. S.A. ¶ 81.

The amount requested here is presumptively reasonable and commonly awarded in settled class action cases. *See, e.g.*, *Pauley v. CF Entertainment*, No. 2:13-CV-08011-RGK-CW, 2020 WL 5809953, at *4 (C.D. Cal.) (granting "class representative enhancement fees in the amount of $5,000 each to Plaintiffs," and finding that amount to be "presumptively reasonable"); *Yahoo Mail Litig.*, No. 13-CV-4980, 2016 WL 4474612, at *11 (N.D. Cal. Aug. 25, 2016) ("The Ninth Circuit has established $5,000.00 as a reasonable benchmark [for service awards].").

**F.    Release**

In exchange for the benefits described above and upon entry of the Final Approval Order, Plaintiff and the Settlement Class will be deemed to have "fully, finally, and forever released, relinquished, and discharged all Released Claims." S.A. ¶ 77. "Released Claims" are defined as:

> any and all claims or causes of action of every kind and description, including any causes of action in law, claims in equity, complaints, suits or petitions, and any allegations of wrongdoing, demands for legal, equitable or administrative relief (including, but not limited to, any claims for injunction, rescission, reformation, restitution, disgorgement, constructive trust, declaratory relief, compensatory damages, consequential damages, penalties, exemplary damages, punitive damages, attorneys' fees, costs, interest or expenses) that the Releasing Parties had, have or may claim now or in the future to have (including, but not limited to, assigned claims and any and all "Unknown Claims" as defined below) that were or could have been asserted or alleged arising out of the same nucleus of operative facts as any of the claims alleged or asserted in the Action, including but not limited to the facts, transactions, occurrences, events, acts, omissions, or failures to act that were alleged, argued, raised or asserted in any pleading or court filing in the Action.

1  S.A. ¶ 34.

2  **V.    LEGAL AUTHORITY**

3       Plaintiff brings this motion pursuant to Federal Rule Civil Procedure 23(e), under which

4  court approval is required to finalize a class action settlement. Courts, including those in this

5  Circuit, endorse a three-step procedure for approval of class action settlements: (1) preliminary

6  approval of the proposed settlement followed by (2) dissemination of court-approved notice to

7  the class and (3) a final fairness hearing at which class members may be heard regarding the

8  settlement and at which evidence may be heard regarding the fairness, adequacy, and

9  reasonableness of the settlement. *Manual for Complex Litigation* (Fourth) (2004) § 21.63.

10      Here, Plaintiff requests that the Court take the first step and grant preliminary approval

11  of the proposed Settlement Agreement.

12  **VI.    ARGUMENT**

13      Federal courts strongly favor and encourage settlements, particularly in class actions and

14  other complex matters where the inherent costs, delays, and risks of continued litigation might

15  otherwise overwhelm any potential benefit the class could hope to obtain. *See Class Plaintiffs v.*

16  *City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992) (noting the "strong judicial policy that favors

17  settlements, particularly where complex class action litigation is concerned"); 4 Newberg on

18  Class Actions § 11.41 (4th ed. 2002) (citing cases).  Forcing claims like those at issue here to be

19  handled through individual litigation would unduly tax the court system, require massive

20  expenditures of resources, and would be impracticable given the relatively small value of the

21  claims of the individual class members. Thus, the Settlement provides the best vehicle for

22  Settlement Class Members to receive the relief to which they are entitled in a prompt and efficient

23  manner.

24      The Manual for Complex Litigation (Fourth) advises that in cases presented for both

25  preliminary approval and class certification, the "judge should make a preliminary determination

26  that the proposed class satisfies the criteria." § 21.632. Because a court evaluating certification

27  of a class action that settled is considering certification only in the context of settlement, the

PLAINTIFF'S UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT - 6

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

court's evaluation is somewhat different than in a case that has not yet settled. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997). In some ways, the court's review of certification of a settlement-only class is lessened: as no trial is anticipated in a settlement-only class case, the case management issues inherent in the ascertainable class determination need not be confronted. *See id.* Other certification issues, however, such as "those designed to protect absentees by blocking unwarranted or overbroad class definitions," require heightened scrutiny in the settlement-only class context "for a court asked to certify a settlement class will lack the opportunity, present when a case is litigated, to adjust the class, informed by the proceedings as they unfold." *Id.*

Plaintiff here seeks certification of a Settlement Class consisting of: "all U.S. residents whose Personal Information was compromised in the Data Incident disclosed by Defendant, on or about December 5, 2023." S.A. ¶ 41. The Settlement Class specifically excludes: (i) Hi-School, and its officers and directors; (ii) all Settlement Class Members who timely and validly request exclusion from the Settlement Class; (iii) the presiding judge, and his or her staff and family; and (iv) any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Data Incident or who pleads *nolo contendere* to any such charge. *Id.* The Settlement Class contains approximately 17,662 individuals.

For the reasons set forth below, the Court should certify the Class for settlement purposes and preliminarily approve the Settlement.

### A.    The Settlement Satisfies Rule 23(a).

Before assessing the parties' settlement, the Court should first confirm the underlying settlement class meets the requirements of Rule 23(a). *See Amchem*, 521 U.S. at 620; Manual for Complex Litigation (Fourth), § 21.632. These requirements are: numerosity, commonality, typicality, and adequacy—each of which is met here. Fed. R. Civ. P. 23(a); *Ellis v. Costco Wholesale Corp*., 657 F.3d 970, 979–80 (9th Cir. 2011).

PLAINTIFF'S UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT - 7

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

1

### 1. The proposed Class is sufficiently numerous.

While there is no fixed point at which the numerosity requirement is met, Courts find numerosity where there are so many class members as to make joinder impracticable. *See* Fed. R. Civ. P. 23(a)(1). "Where the exact size of the class is unknown but general knowledge and common sense indicate that it is large, the numerosity requirement is satisfied." *Orantes-Hernandez v. Smith*, 541 F. Supp. 351, 370 (C.D. Cal. 1982). Generally, Courts will find numerosity is satisfied where a class includes at least 40 members. *See Rannis v. Recchia*, 380 Fed. App'x 646, 651 (9th Cir. 2010). Numbering approximately 17,662 individuals, the proposed settlement class easily satisfies Rule 23's numerosity requirement. Joinder of so many individuals is clearly impracticable—thus the numerosity prong is satisfied.

### 2. The Settlement Class Satisfies the Commonality Requirement.

The Settlement Class also satisfies the commonality requirement, which requires that class members' claims "depend upon a common contention," of such a nature that "determination of its truth or falsity will resolve an issue that is central to the validity of each [claim] in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). Here, as in most data breach cases, "[t]hese common issues all center on [Defendant's] conduct, satisfying the commonality requirement." *In re the Home Depot, Inc., Customer Data Sec. Breach Litig.*, No. 1:14-MD-02583-TWT, 2016 WL 6902351, at *2 (N.D. Ga. Aug. 23, 2016). For the same reason, Plaintiff alleges that predominance is readily met here "where the class is a 'cohesive group of individuals [who] suffered the same harm in the same way because of the [defendant's] conduct.'" *In re Hyundai & Kia Fuel Economy Litig.*, 926 F.3d 539, 559 (9th Cir. 2019)). Thus, common questions include, *inter alia*, whether Hi-School engaged in the wrongful conduct alleged; whether Class Members' PII was compromised in the Data Incident; whether Hi-School owed a duty to Plaintiff and Class Members; whether Hi-School breached its duties; and whether Hi-School unreasonably delayed in notifying Plaintiff and Class Members of the material facts of the Data Incident.

Thus, Plaintiff has met the commonality requirement of Rule 23(a).

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

1              3.   <u>Plaintiff's claims and defenses are typical to those of the Settlement Class.</u>

2           Plaintiff satisfies the typicality requirement of Rule 23 because Plaintiff's claims, which

3    are based on Defendant's alleged failure to protect the PII of Plaintiff and all members of the

4    Class, are "reasonably coextensive with those of the absent class members." *See* Fed. R. Civ. P.

5    23(a)(3); *Meyer v Portfolio Recovery Associates*, 707 F.3d 943, 1041-42 (9th Cir. 2012)

6    (upholding typicality finding). Plaintiff alleges her PII was compromised, and that she was

7    therefore impacted by the same allegedly inadequate data security that she alleges harmed the

8    rest of the Settlement Class. *See Just Film, Inc. v. Buono*, 847 F.3d 1108, 1118 (9th Cir. 2017)

9    ("[I]t is sufficient for typicality if the plaintiff endured a course of conduct directed against the

10   class."). Thus, typicality has been met.

11             4.   <u>Plaintiff will adequately protect the interests of the Class.</u>

12          The adequacy requirement of Rule 23 is satisfied where (1) there are no antagonistic or

13   conflicting interests between named plaintiffs and their counsel and the absent class members;

14   and (2) the named plaintiffs and their counsel will vigorously prosecute the action on behalf of

15   the class. Fed. R. Civ. P. 23(a)(4); *see also Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 985

16   (9th Cir. 2011) (*citing Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998).

17          Here, Plaintiff has no conflicts of interest with other Class Members, is subject to no

18   unique defenses, and she and her counsel have and continue to vigorously prosecute this case on

19   behalf of the class. Plaintiff is a member of the Class who experienced the same injuries and

20   seeks, like other Class Members, compensation for Hi-School's data security shortcomings. As

21   such, her interests and the interests of her counsel are not inconsistent with those of other Class

22   Members.

23          Further, Settlement Class Counsel have years of experience as vigorous class action

24   litigators and are well suited to advocate on behalf of the Class. *See* Klinger Dec. ¶¶ 3–24, and

25   Exhibit 2, firm resume of Settlement Class Counsel. Thus, Plaintiff satisfies the requirement of

26   adequacy.

27

PLAINTIFF'S UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT - 9

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

**B.       The Requirements of Rule 23(b)(3) Are Met for Purposes of Settlement.**

"In addition to meeting the conditions imposed by Rule 23(a), the parties seeking class certification must also show that the action is maintainable under Fed. R. Civ. P. 23(b)(1), (2) or (3)." *Hanlon*, 150 F.3d at 1022. Here, Plaintiff alleges that the Settlement Class is maintainable for purposes of settlement under Rule 23(b)(3), as common questions predominate over any questions affecting only individual members and class resolution is superior to other available methods for a fair and efficient resolution of the controversy. *Id.*

Rule 23(b)(3) requires that a district court determine that "a class action is superior to other available methods for the fair and efficient adjudication of the controversy." In determining whether the "superiority" requirement is satisfied, a court may consider: (1) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (2) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (3) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (4) the difficulties likely to be encountered in the management of a class action. Fed. R. Civ. P. 23(b)(3).

The predominance requirement "tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem*, 521 U.S. at 623 (citing Wright, et al., Fed. Prac. and Proc. § 1777, p. 518-19 (2d ed. 1986)). "If common questions 'present a significant aspect of the case and they can be resolved for all members of the class in a single adjudication,' then 'there is clear justification for handling the dispute on a representative rather than on an individual basis,' and the predominance test is satisfied." *See Hanlon*, 150 F.3d at 1022. To satisfy this requirement, "common issues need only predominate, not outnumber individual issues." *Butler v. Sears, Roebuck & Co.*, 727 F.3d 796, 801 (7th Cir. 2013) (quotations omitted).

Plaintiff's claims depend, first and foremost, on whether Hi-School used reasonable data security measures to protect employees' and consumers' PII. That question can be resolved, for purposes of settlement, using the same evidence for all Class Members, and thus is precisely the type of predominant question that makes a class-wide settlement worthwhile. *See, e.g., Tyson*

*Foods, Inc. v. Bouaphakeo*, 136 S. Ct. 1036, 1045 (2016) ("When 'one or more of the central issues in the action are common to the class and can be said to predominate, the action may be considered proper under Rule 23(b)(3) … .'") (citation omitted).

Class certification here is also "superior to other available methods for . . . fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(a)(4). Classwide resolution is the only practical method of addressing the alleged violations at issue in this case. Adjudicating individual actions here is impracticable: the amount in dispute for individual class members is too small, the technical issues involved are too complex, and the required expert testimony and document review too costly. *See Just Film*, 847 F.3d at 1123; *Local Joint Exec. Bd. of Culinary/ Bartender Trust Fund v. Las Vegas Sands, Inc.*, 244 F.3d 1152, 1163 (9th Cir. 2001) (cases involving "multiple claims for relatively small individual sums" are particularly well suited to class treatment); *see also Wolin v. Jaguar Land Rover N. Am., LLC*, 617 F.3d 1168, 1175 (9th Cir. 2010) ("Where recovery on an individual basis would be dwarfed by the cost of litigating on an individual basis, this factor weighs in favor of class certification.").

Because Plaintiff seeks to certify a class in the context of a settlement, this Court need not consider any possible management-related problems as it otherwise would. *See Amchem Prods.*, 521 U.S. at 620 ("Confronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems, see Fed. R. Civ. P. 23(b)(3)(D), for the proposal is that there be no trial.").

In any event, no one member of the Class has an interest in controlling the prosecution of this action because Plaintiff's claims and the claims of the members of the Class are the same. Alternatives to a class action are either no recourse for thousands of individuals, or a multiplicity of suits resulting in an inefficient and possibly disparate administration of justice. Classwide resolution is the only practical method of addressing the alleged violations at issue in this case. There are thousands of class members with modest individual claims, most of whom likely lack the resources necessary to seek individual legal redress. *See Local Joint Exec. Bd. of Culinary/ Bartender Trust Fund v. Las Vegas Sands, Inc.*, 244 F.3d 1152, 1163 (9th Cir. 2001) (cases

PLAINTIFF'S UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT - 11

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

involving "multiple claims for relatively small individual sums" are particularly well suited to class treatment); *see also Wolin v. Jaguar Land Rover N. Am., LLC*, 617 F.3d 1168, 1175 (9th Cir. 2010) ("Where recovery on an individual basis would be dwarfed by the cost of litigating on an individual basis, this factor weighs in favor of class certification."); *Valentino v. Carter-Wallace, Inc.,* 97 F.3d 1227, 1234 (9th Cir. 1996) (The class action method is considered to be superior if "classwide litigation of common issues will reduce litigation costs and promote greater efficiency."). A class action is therefore superior to other methods for the fair and efficient adjudication of the claims of Plaintiff and the Class.

### C.     The Settlement Should Be Preliminarily Approved Pursuant to Rule 23(e).

In order for the court to preliminarily approve a class settlement and to direct that notice be sent to class members, the parties must show that the court "will likely be able to (i) approve the proposal under Rule 23(e)(2); and (ii) certify the class for purposes of judgment on the proposal." Fed. R. Civ. P. 23(e)(1)(B). *Tuttle v. Audiophile Music Direct Inc.,* No.C22-1081JLR, 2023 WL 3318699, at *3 (W.D. Wash. May 9, 2023). Rule 23(e) provides that a proposed class action may be "settled, voluntarily dismissed, or compromised only with the court's approval." Moreover, "[t]he parties must provide the court with information sufficient to enable it to determine whether to give notice of the proposal to the class." If the parties make a sufficient showing that the Court will likely be able to "approve the proposal" and "certify the class for purposes of judgment on the proposal," "[t]he court must direct notice in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e). Thus, notice should be given to the class, and hence preliminary approval should be granted, where the Court "will likely be able to" finally approve the settlement under Rule 23(e)(2) and certify the class for settlement purposes. *Id*.

As a general matter, preliminary approval is appropriate if the settlement falls within the range of possible approval. *Hunichen v. Antonomi LLC*, No. C19-0615-RAJ-SKV, 2021 WL 5854964 at *4 (W.D. Wash. Nov. 12, 2021). In sum, "the purpose of the preliminary approval process is to determine whether there is any reason not to notify the class members of the

PLAINTIFF'S UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT - 12

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

proposed settlement and to proceed with a fairness hearing." *Lucas v. Kmart Corp.*, 234 F.R.D. 688, 693 (D. Colo. 2006). In any event, while a complete fairness evaluation is unnecessary at this early juncture, Plaintiff and her counsel strongly believe that the resolution reached here is in the Settlement Class's best interests.

To that end, the Ninth Circuit has identified nine factors to consider in analyzing the fairness, reasonableness, and adequacy of a class settlement: (1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the views of counsel; (7) the presence of a governmental participant; (8) the reaction of the class members to the proposed settlement and; (9) whether the settlement is a product of collusion among the parties. *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 946 (9th Cir. 2011); *see also Hanlon,* 150 F.3d at 1026. Rule 23(e) requires a court to consider several additional factors, including that the class representative and class counsel have adequately represented the class, and that the settlement treats class members equitably relative to one another. Fed. R. Civ. P. 23(e).

In applying these factors, this Court should be guided foremost by the general principle that settlements of class actions are favored by federal courts. *See Franklin v. Kaypro Corp.*, 884 F.2d 1222, 1229 (9th Cir. 1989) ("It hardly seems necessary to point out that there is an overriding public interest in settling and quieting litigation. This is particularly true in class action suits"). Here, the relevant factors support the conclusion that the negotiated settlement is fundamentally fair, reasonable, and adequate, and should be preliminarily approved.

### 1.  The Strength of Plaintiff's Case

Plaintiff believes she has built a strong case for liability. Klinger Dec., ¶ 29. Plaintiff contends that Hi-School is liable for its negligent, unfair, and unlawful conduct under multiple causes of action. *See, e.g., Huynh v. Quora, Inc.*, 508 F. Supp. 3d 633, 650 (N.D. Cal. 2020) ("[T]ime and money [plaintiff] spent on credit monitoring in response to the Data Breach is cognizable harm to support her negligence claim"); *Wallace v. Health Quest Sys., Inc.*, No. 20

PLAINTIFF'S UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT - 13

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

CV 545 (VB), 2021 WL 1109727, at *8–15 (S.D.N.Y. Mar. 23, 2021) (upholding data breach claims for negligence, breach of implied contract, breach of confidence and violations of New York General Business Law); *Burrows v. Purchasing Power, LLC*, No. 1:12-CV-22800-UU, 2012 WL 9391827, at *6 (S.D. Fla. Oct. 18, 2012) (upholding data sharing claims for violations of Florida Deceptive and Unfair Trade Practices Act).

While Plaintiff believes she has strong claims, she also understands that her success is not guaranteed. The chances of prevailing on the merits are uncertain—especially where significant unsettled questions of law and fact exist, which is common in data breach litigation. "Data breach litigation is evolving; there is no guarantee of the ultimate result." *Fox v. Iowa Health Sys.*, No. 3:18-CV-00327-JDP, 2021 WL 826741, at *5 (W.D. Wis. Mar. 4, 2021) (citing *Gordon v. Chipotle Mexican Grill, Inc*., No. 17-cv-01415-CMA-SKC, 2019 WL 6972701, at *1 (D. Colo. Dec. 16, 2019) ("Data breach cases . . . are particularly risky, expensive, and complex.")). Although nearly all class actions involve a high level of risk, expense, and complexity, this is a particularly complex class action litigation. Given the obstacles and inherent risks Plaintiff faces with respect to the novel claims in data breach class actions, including class certification, summary judgment, and trial, the substantial benefits the Settlement provides favors preliminary approval of the Settlement. Klinger Dec. ¶¶ 29-30.

2.  The Risk, Expense, Complexity, and Likely Duration of Further Litigation

While Plaintiff believes her case is a strong one, all cases, including this one, are subject to substantial risk. This case involves a proposed class of approximately 17,662 individuals; a complicated and technical factual overlay; and a motivated Defendant that has every reason to vigorously defend against Plaintiff's claims.

Although nearly all class actions involve a high level of risk, expense, and complexity—undergirding the strong judicial policy favoring amicable resolutions, *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1238 (9th Cir. 1998)—this is an especially complex class. Historically, data breach cases face substantial hurdles in surviving even the pleading stage. *See, e.g., Hammond v. The Bank of N.Y. Mellon Corp.*, No. 08 Civ. 6060 (RMB) (RLE), 2010 WL

PLAINTIFF'S UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT - 14

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

2643307, at *2-4 (S.D.N.Y. June 25, 2010) (collecting cases). Even cases of similar wide-spread notoriety and implicating data far more sensitive than at issue here have been found wanting at the district court level. *In re U.S. Office of Pers. Mgmt. Data Sec. Breach Litig.*, 266 F. Supp. 3d 1, 19 (D.D.C. 2017) ("The Court is not persuaded that the factual allegations in the complaints are sufficient to establish . . . standing."), *reversed in part*, 928 F.3d 42 (D.C. Cir. June 21, 2019) (holding that plaintiff had standing to bring a data breach lawsuit).

To the extent the law has gradually accepted this relatively new type of litigation, the path to a class-wide monetary judgment remains unforged, particularly in the area of damages. For now, data breach cases are among the most uncertain of all class action litigation, making settlement the more prudent course when a reasonable one can be reached. The damages methodologies, while sound in Plaintiff's view, remain untested in a disputed class certification setting and unproven in front of a jury. And as in any data breach case, establishing causation on a class-wide basis is rife with uncertainty.

Each risk, by itself, could impede the successful prosecution of these claims at trial and in an eventual appeal—which could result in zero recovery to the class. "Regardless of the risk, litigation is always expensive, and both sides would bear those costs if the litigation continued." *Paz v. AG Adriano Goldschmeid, Inc.*, No. 14CV1372DMS(DHB), 2016 WL 4427439, at *5 (S.D. Cal. Feb. 29, 2016). Thus, this factor favors approval.

### 3.  The Risk of Maintaining Class Action Status Through Trial

While Plaintiff's case is still in the pleadings stage, the parties have not briefed and the Court has not yet certified, any class treatment of this case. If she were to proceed to litigate her claims through trial, Plaintiff would encounter risks in obtaining and maintaining certification of the class Defendant will certainly oppose certification if the case proceeds. Thus, Plaintiff "necessarily risk[s] losing class action status." *Grimm v. American Eagle Airlines, Inc.*, No. LA CV 11-00406 JAK(MANx), 2014 WL 1274376, at *10 (C.D. Cal. Sept. 24, 2014). While Plaintiff is confident that this case is well suited for class certification, numerous obstacles to certification remain. Few data breach cases have proceeded forward to obtain a ruling certifying a contested

PLAINTIFF'S UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT - 15

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

class. The first to obtain certification was *Smith v. Triad of Ala., LLC*, No. 1:14-CV-324-WKW, 2017 WL 1044692, at *16 (M.D. Ala. Mar. 17, 2017), and a more recent certified contested class, *In re Marriott International Customer Data Securities Breach Litigation,* 341 F.R.D. 128 (D. Md. 2022), was recently decertified on appeal, *see In re Marriott Int'l, Inc.*, 78 F.4th 677, 680 (4th Cir. 2023) and later recertified.  Thus, the dearth of direct precedent adds to the risks posed by continued litigation.

### 4.  The Amount Offered in Settlement

In light of the risks and uncertainties presented by data breach litigation, the value of the Settlement favors approval. The Settlement makes significant relief available to Settlement Class Members. Each Class Member is eligible to make a claim up to $5,000 in Out-of-Pocket Losses and Credit Monitoring and Identity Theft Protection Services OR (b) a Pro Rata Cash Payment. This Settlement is a strong result for the Class, and as discussed below is in line with other settlements in cases involving data breaches of similar scope. Because the settlement amount here is similar to other settlements reached and approved in similar cases, this factor reflects that the Settlement is fair. *See Calderon v. Wolf Firm*, No. SACV 16-1622-JLS(KESx), 2018 WL 6843723, at *7-8 (C.D. Cal. Mar. 13, 2018) (comparing class settlement with other settlements in similar cases). In light of the difficulties and expenses Class Members would face pursuing individual claims, and the likelihood that they might be unaware of their claims, this Settlement Amount is appropriate. *See id.* Accordingly, this factor favors approval.

The Settlement value of 33.97 per class member here is on par with or exceeds that in other exemplary data breach settlements.[2] Plaintiff has achieved an excellent resolution for the

---

[2] *See, e.g.*, *Dickey's Barbeque Restaurants, Inc.*, Case No. 20-cv-3424 (N.D. Tex.), Dkt. 62 (data breach class action involving more than 3 million people that settled for $2.3 million); *In re: Capital One Consumer Data Breach Litigation*, MDL No. 1:19md2915 (AJT/JFA) Doc. 2251 (Memo in Support of Final Approval), 1 ($190 million common fund settlement for a class of approximately 98 million); *Cochran v. Accellion, Inc., et al*., No. 5:21-cv-01887-EJD (N.D. Cal.), ECF No. 32 (June 30, 2021) ($5 million settlement fund for 3.82 million class members); *Adlouni v. UCLA Health Systems Auxiliary, et al*., No. BC 589243 (Cal. Super. Ct. June 28, 2019) ($2 million settlement in medical information data breach for approximately 4,500,000 Class Members); *In re Anthem, Inc. Data Breach Litig*., No. 5:15-md-02617 (N.D. Cal. Aug. 15, 2018) ($115 million settlement in medical information data breach for 79,200,000 Class Members); *In re The Home Depot, Inc. Customer Data Sec. Breach Litig.*, No. 1:14-MD02583, 2016 WL 6902351, at *7 (N.D. Ga. Aug. 23, 2016) and ECF No. 181-2, ¶¶ 22, 38 ($13 million settlement for approximately 40 million class members); *In re Target Corp. Customer Data Sec. Breach Litig*., MDL No. 14-

---

Settlement Class.

### 5.  The Extent of Discovery Completed and the Stage of Proceedings

Before entering into settlement discussions on behalf of class members, counsel should have "sufficient information to make an informed decision." *Linney*, 151 F.3d at 1239. Here, Plaintiff vigorously and aggressively gathered information that was available regarding Hi-School and the Data Incident—including publicly-available documents concerning announcements of the Data Incident and notice of the Data Incident to Plaintiff and the Settlement Class. Klinger Dec., ¶ 26. The parties also informally exchanged non-public information concerning the Data Incident including the means by which the cyberattack was effected, the data elements at issue, and the size of the Class in preparation for a successful mediation. *Id.*

Although the parties have not engaged in formal discovery, Class Counsel's collective decades of experience in similar types of privacy and data protection cases provided substantive knowledge to enable Class Counsel to represent Plaintiff's and Class Members' interests without expending hundreds of hours and enormous financial resources to come up to speed on the subject area. *Id.* ¶ 27. "[T]he efficiency with which the Parties were able to reach an agreement need not prevent this Court from granting . . . approval." *Hillman v. Lexicon Consulting, Inc.*, No. EDCV 16-01186-VAP(SPx), 2017 WL 10433869, at *8 (C.D. Cal. April 27, 2017). Accordingly, Plaintiff is well informed about the strengths and weaknesses of this case.

### 6.  The Experience and Views of Counsel

Class Counsel has substantial experience litigating complex class cases of various types, including data breach cases such as this one. *See* Klinger Dec. ¶¶ 3–23 & Ex. 2 thereto. Having worked on behalf of the putative class since the Data Incident was first announced, evaluated the legal and factual disputes, and dedicated significant time and monetary resources to this litigation, proposed Class Counsel endorse the Settlement without reservation. *Id.* ¶ 30. A great deal of weight is accorded to the recommendation of counsel, who are most closely acquainted

---

2522, 2017 WL 2178306, at *1–2 (D. Minn. May 17, 2017) ($10 million settlement for nearly 100 million Class Members); *In re LinkedIn User Priv. Litig.*, 309 F.R.D. 573, 582 (N.D. Cal. 2015) ($1.25 million settlement for approximately 6.4 million Class Members).

PLAINTIFF'S UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT - 17

with the facts of the underlying litigation. *See, e.g.*, *Norton v. Maximus, Inc.*, 2017 WL 1424636, at *6 (D. Idaho Apr. 17, 2017); *Nat'l Rural Telecomm. Coop. v. DirecTV, Inc.*, 221 F.R.D. 523, 528 (C.D. Cal. 2004). Thus, this factor supports approval.

### 7.  Governmental Participants.

There is no governmental participant in this matter. This factor is neutral.

### 8.  The Reaction of the Class Members to the Proposed Settlement

Because notice has not yet been given, this factor is not yet implicated; however, the named Plaintiff supports the Settlement. Klinger Dec., ¶ 39.

### 9.  Lack of Collusion Among the Parties

The parties negotiated a substantial Settlement, as outlined above. The parties did not commence discussion of fees until agreement on all substantive portions of the class resolution had been reached, and both the class portion of the resolution and the fees were negotiated at arm's-length under the direction of a third party neutral mediator, the Hon. Ron B. Leighton, who has extensive experience in handling class action cases and data breach class action cases. Therefore, the Court can be assured that the negotiations were not collusive. *See G. F. v. Contra Costa Cty.*, No. 13-cv-03667-MEJ, 2015 WL 4606078, at *43 (N.D. Cal. July 30, 2015) ("[T]he assistance of an experienced mediator in the settlement process confirms that the settlement is non-collusive.") (internal quotation marks and citation omitted); *see also Cohorst v. BRE Props.*, No. 3:10-CV-2666-JM-BGS, 2011 WL 7061923, at *12 (S.D. Cal. Nov. 9, 2011) ("[V]oluntary mediation before a retired judge in which the parties reached an agreement-in-principle to settle the claims in the litigation are highly indicative of fairness . . . . We put a good deal of stock in the product of arms-length, non-collusive, negotiated resolution.").

### 10.  The Settlement Treats Settlement Class Members Equitably

Finally, Rule 23(e)(2)(D) requires that this Court confirm that the settlement treats all class members equitably. The Advisory Committee's Note to Rule 23(e)(2)(D) advises that courts should consider "whether the apportionment of relief among class members takes appropriate account of differences among their claims, and whether the scope of the release may

affect class members in different ways that bear on the apportionment of relief." Fed. R. Civ. P. 23(e), advisory comm.'s note (2018).

In determining whether this factor weighs in favor of approval, a Court must determine whether the Settlement "improperly grant[s] preferential treatment to class representatives or segments of the class." *Paredes Garcia v. Harborstone Credit Union,* No. 3:21-CV-05148-LK, 2023 WL 4315117 (W.D. Wash. July 3, 2023) (quoting *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007)).

Here, the Settlement does not improperly discriminate between any segments of the class, as all class members are entitled to the same relief. While Plaintiff has been permitted to seek approval of a service award from this Court, as will be explained in detail in Plaintiff's Fee Motion, the award of $3,000 is in line with awards granted in similar cases, is presumptively reasonable, and does not call into question Plaintiff's adequacy or the validity of the Settlement. *See, e.g.*, *Roe v. Frito-Lay, Inc.,* No. 14-cv-00751, 2017 WL 1315626, at *8 (N.D. Cal. Apr. 7, 2017) (noting a $5,000 Service Award is presumptively reasonable in the Ninth Circuit); *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 947-48 (9th Cir. 2015) (approving service awards of $5,000).

### D.    The Court Should Approve the Proposed Notice Program

Rule 23 requires that prior to final approval, the "court must direct notice in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e)(1)(B). For classes certified under Rule 23(b)(3), "the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). "The notice may be by one or more of the following:  United States mail, electronic means, or other appropriate means." *Id.*

Such notice must be the "best notice practicable," *see* Fed. R. Civ. P. 23(c)(2)(B), which means "individual notice to all members who can be identified through reasonable effort." *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173 (1974). To satisfy due process, notice to class members must be the best practicable, and reasonably calculated under all the circumstances to

PLAINTIFF'S UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT - 19

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. Fed. R. Civ. P. 23(c)(2); *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812 (1985). Class settlement notices must present information about a proposed settlement simply, neutrally, and understandably. *See In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d 539, 567 (9th Cir. 2019). Notice is adequate if it generally describes the terms of the class action settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard. *Id.*

Here, the parties have agreed to a robust notice program to be administered by a well-respected third-party class administrator—Simpluris—which will use all reasonable efforts to provide direct and individual notice to each potential Settlement Class Member. Prior to sending the Postcard Notice, Simpluris will check all mailing addresses against the National Change of Address ("NCOA") database maintained by the USPS to ensure all address information is up-to-date and accurately formatted for mailing.[3] S.A. ¶ 62(a). The Notice and Claim Forms negotiated by the parties are clear and concise and inform Settlement Class Members of their rights and options under the Settlement, including detailed instructions on how to make a claim, object to the Settlement, or opt-out of the Settlement. *Id.*, Exs. A-C. The Declaration of Settlement Administrator Simpluris Inc. in support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement, attached to the Klinger Decl. as Exhibit 3, outlines the notice program.

In addition to the direct notice, the Administrator will also establish a dedicated Settlement Website. *Id.* ¶ 62(b). The Settlement Website will provide the ability for Settlement Class Members to file an online Claim Form. *Id.* The Settlement Website also includes links to relevant filings including but not limited to the Settlement Agreement, the publicly filed motion for preliminary approval, motion for final approval and for attorneys' fees and expenses (when they become available), the signed preliminary approval order, and a downloadable and online

---

[3] The NCOA database is maintained by the USPS and consists of approximately 160 million permanent change-of-address (COA) records consisting of names and addresses of individuals, families, and businesses who have filed a change-of-address with the Postal Service. The address information is maintained on the database for 48 months and reduces undeliverable mail by providing the most current address information, including standardized and delivery-point-coded addresses, for matches made to the NCOA file for individual, family, and business moves.

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

version of the Claim Form and Long-Form Notice. *Id*. The Settlement Website shall provide for secure online submission of Claim Forms and supporting documents. *Id*. The Settlement Administrator will also make a toll-free help line with an option for the caller to request a call back from a live individual to address Settlement Class Members' inquiries. *Id.* ¶ 62(c).

Plaintiff has negotiated a notice program that is reasonably calculated under all the circumstances to apprise Class Members of the pendency of the action and afford them an opportunity to present their objections. Because this notice plan ensures that Settlement Class Members' due process rights are amply protected, it should be approved. *See Hartranft v. TVI, Inc.*, No. 15-01081-CJC-DFM, 2019 WL 1746137, at *3 (C.D. Cal. Apr. 18, 2019) ("The Court finds that the Class Notice and the manner of its dissemination described in Paragraph 7 above and Section VIII of the Agreement constitutes the best practicable notice under the circumstances and is reasonably calculated, under all the circumstances, to apprise Settlement Class Members of the pendency of this action, the terms of the Agreement, and their right to object to or exclude themselves from the Settlement Class."); *see also Spencer v. #1 A LifeSafer of Ariz., LLC*, No. CV-18-02225-PHX-BSB, 2019 WL 1034451, at *3 (D. Ariz. Mar. 4, 2019) (preliminarily approving class action settlement and finding "that the proposed notice program is clearly designed to advise the Class Members of their rights.").

### E.    Appointment of the Settlement Administrator

In connection with implementation of the Notice Program and administration of the settlement benefits, the Parties request the Court appoint Simpluris to serve as the Settlement Administrator. Simpluris is a well-respected third-party administrator with a trusted and proven track record of supporting class action administrations. Klinger Dec. ¶ 33.

### F.    Appointment of Settlement Class Counsel

Under Rule 23, "a court that certifies a class must appoint class counsel [who must] fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). In making this determination, courts generally consider the following attributes: the proposed class counsel's (1) work in identifying or investigating potential claims, (2) experience in handling class actions

or other complex litigation, and the types of claims asserted in the case, (3) knowledge of the applicable law, and (4) resources committed to representing the class. Fed. R. Civ. P. 23(g)(1)(A)(i–iv).

Here, proposed Class Counsel has extensive experience prosecuting class actions and other complex cases, and specifically data breach cases. *See* Klinger Dec. ¶ 3-23, Ex. 2 (firm resume). Accordingly, the Court should appoint Gary M. Klinger of Milberg Coleman Bryson Phillips Grossman, PLLC as Class Counsel.

## VII.    CONCLUSION

Plaintiff has negotiated a fair, adequate, and reasonable Settlement that will provide Class Members with both significant monetary and equitable relief. The Settlement should be approved and Notice should be ordered to issue to the Class. For all the above reasons, Plaintiff respectfully requests this Court to grant Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement.

I certify that this memorandum contains 7,911 words, in compliance with the Local Civil Rules.

Date: February 10, 2025

Respectfully submitted,

**TOUSLEY BRAIN STEPHENS PLLC**

*s/Kaleigh N. Boyd*
Jason T. Dennett, WSBA No. 30686
Kaleigh N. Boyd, WSBA No. 52684
1200 Fifth Avenue, Suite 1700
Seattle, WA 98101
Phone: (206) 682-5600
jdennett@tousley.com
kboyd@tousley.com

**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**

Gary M. Klinger, admitted *pro hac vice*
227 W. Monroe Street, Suite 2100
Chicago, IL 60606

PLAINTIFF'S UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT - 22

Phone: (866) 252-0878
gklinger@milberg.com

*Attorneys for Plaintiff and Proposed Class*

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992