UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SHAYNA MARIE LANDIN,<br>Plaintiff,<br><br>v.<br><br>HI-SCHOOL PHARMACY SERVICES,<br>LLC, and HI-SCHOOL PHARMACY, INC.,<br>Defendant. | Case No. 3:24-cv-05115-TMC<br><br>ORDER GRANTING MOTION FOR<br>PRELIMINARY APPROVAL OF CLASS<br>ACTION SETTLEMENT |

Before the Court is Plaintiff Shayna Marie Landin's unopposed motion for preliminary approval of a class action settlement. Dkt. 25. For the reasons explained below, the Court GRANTS the motion.

## I.    BACKGROUND

### A.    Litigation and Settlement Negotiations

Landin filed this putative class action lawsuit against Defendants Hi-School Pharmacy Services LLC and Hi-School Pharmacy, Inc. (collectively "Defendant" or "Hi-School"), alleging that Hi-School, a pharmaceutical company, failed to protect current and former customers' personal identifiable information ("PII") arising out of a data breach of its computer network ("Data Incident"). Dkt. 1 ¶¶ 1–2. Landin asserted claims for (i) negligence, (ii) breach of implied contract, (iii) unjust enrichment, and (iv) violation of the Washington State Consumer Protection

Act, RCW 19.86.010, et seq. *Id.* at 37–51. Hi-School answered the Complaint on April 11, 2024, and denied the allegations. Dkt. 14.

Over several months, the parties engaged in settlement negotiations. Dkt. 25 at 10. To inform mediation, the parties exchanged informal discovery materials, including non-public information about how the cyberattack occurred and the data elements at issue. *Id;* Dkt. 26 ¶ 26. The parties participated in mediation with an experienced mediator and reached a settlement in principle on October 18, 2024, later finalized as the Settlement Agreement before the Court. Dkt. 25 at 10*;* Dkt. 26-1.

### B.    Proposed Settlement Terms

The Settlement Agreement defines the Settlement Class as:

> [A]ll U.S. residents whose Personal Information was compromised in the Data Incident disclosed by Defendant, on or about December 5, 2023.

Dkt. 26-1 ¶ 41. According to the parties, the proposed Settlement Class includes 17,662 individuals. Dkt. 25 at 10.

The Settlement Agreement provides that Hi-School will pay a gross amount of $600,000 into a non-reversionary Settlement Fund to be used for payments to class members as well as costs of administration and permitted attorney's fees, costs, and service awards. Dkt. 26-1 ¶¶ 49, 71, 81, 83. Class members may claim: (a) Documented Out-of-Pocket Losses of up to $5,000 upon submission of a claim and supporting documentation; (b) in lieu of Documented Out-of-Pocket Losses or Identity Theft Protection and Credit Monitoring, Settlement Class Members may submit a claim for a pro rata cash payment from the Settlement Fund; and/or (c) in addition to Documented Out-of-Pocket Losses, or in lieu of a Pro Rata Cash Payment, Settlement Class Members may submit a claim to accept two years of free identity theft and credit monitoring services. *Id.* ¶¶ 50–52. The value per class member used by the parties (based on simply dividing

the gross settlement by the number of class members) is $33.97, before administrative and legal costs. *See* Dkt. 25 at 24.

Class representative Landin will seek a service payment of $3,000. *Id.* ¶ 81. Landin's counsel will move for an award of reasonable attorney's fees, as well as reimbursement of their reasonable costs and litigation expenses incurred, of up to thirty-three percent of the Settlement Fund. *Id.* ¶ 83. The parties propose Simpluris as the Settlement Administrator and estimate that administration expenses will be $38,943. Dkt. 26 ¶ 33; Dkt. 26-3 ¶ 4.

## II.    DISCUSSION

### A.    Standard for Preliminary Approval

Upon a motion for preliminary approval of a proposed class settlement, the Court must determine whether the parties have shown the Court will "likely be able to: (i) approve the proposal under Rule 23(e)(2); and (ii) certify the class for purposes of judgment on the proposal." Fed. R. Civ. P. 23(e)(1)(B).

When settlement is proposed before a class is certified, the Court must find the class would have been certified under Federal Rule of Civil Procedure 23(a) and (b). When deciding whether to certify a class, courts look at four factors: (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation. Fed. R. Civ. P. 23(a)(1)–(4). Under Rule 23(b), the Court considers whether the type of action is one that may be maintained as a class. Fed. R. Civ. P. 23(b).

Courts also must find that the settlement terms are fair, adequate, and reasonable. To determine whether a settlement meets these standards, a district court must consider:

(1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and view of counsel;

(7) the presence of a governmental participant; and (8) the reaction of the class members of the proposed settlement.

*In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 944 (9th Cir. 2015).

Similarly, Rule 23(e) directs the Court to consider whether (A) the class representatives and their counsel have adequately represented the class; (B) the proposal was negotiated at arm's length; (C) the relief provided is adequate, considering: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief including the method of processing class-member claims, if required; (iii) the terms of any proposed award of attorneys' fees, including timing of payment; (iv) any agreement required to be identified under Rule 23(e)(3) made in connection with the proposed settlement; and (v) if the proposal treats class members equitably relative to each other. Fed. R. Civ. P. 23(e)(2).

Because the Court can only conduct a full assessment of these factors after the final fairness hearing, "a full fairness analysis is unnecessary" at the preliminary approval stage. *Uschold v. NSMG Shared Services, LLC*, 333 F.R.D. 157, 169 (N.D. Cal. 2019). Instead, preliminary approval is appropriate if "the proposed settlement appears to be the product of serious, informed, noncollusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval." *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007) (internal quotation marks and citation omitted).

### B.    The Settlement Class meets the requirements for preliminary certification.

#### 1.    *Rule 23(a)(1): Numerosity*

A court may certify a class only if "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). The proposed Settlement Class has 17,662 members, which satisfies this requirement.

### 2.    Rule 23(a)(2): Commonality

Rule 23(a) also requires there be "questions of law or fact common to the class," known as the "commonality" requirement. Commonality requires that class members' claims "depend upon a common contention" such that "determination of its truth or falsity will resolve an issue that is central to the validity of each [claim] in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). Class members share a basic common contention that Hi-School's data breach compromised Class members' PII, as well as common questions like what duties Hi-School owed to the Class, whether Hi-School breached those duties, and whether Hi-School unreasonably delayed notifying Class members of the material facts of the Data Incident. Dkt. 25 at 16. This satisfies the commonality requirement.

### 3.    Rule 23(a)(3): Typicality

The typicality requirement is satisfied if "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). Landin's claims are typical of Class members' claims because they arise from the same course of alleged conduct: Hi-School's inadequate data security which compromised her PII. *See Just Film, Inc. v. Buono*, 847 F.3d 1108, 1118 (9th Cir. 2017) ("[I]t is sufficient for typicality if the plaintiff endured a course of conduct directed against the class.").

### 4.    Rule 23(a)(4): Adequacy

Rule 23(a) also requires the Court to find that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). To determine adequacy, courts consider (1) whether "the named plaintiffs and their counsel have any conflicts of interest with other class members," and (2) whether the named plaintiffs and their counsel will "prosecute the action vigorously on behalf of the class." *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 985 (9th Cir. 2011). At this preliminary stage, there is no evidence that Landin or her

counsel have conflicts of interest with other Class members, or that they have failed to prosecute the action vigorously on behalf of the Class.

> 5.    *Type of action under Rule 23(b)*

Finally, in addition to the requirements of Rule 23(a), the Court must determine whether this is the type of action that may be maintained as a class under Rule 23(b). Landin seeks settlement class certification under Rule 23(b)(3), Dkt. 25 at 18, which provides that a class may be maintained if "questions of law or fact common to class members predominate over any questions affecting only individual members," and "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). The Court agrees that class certification is appropriate because common questions (such as what duties Hi-School owed to the Class to protect their PII, and whether its alleged violations breached those duties) predominate, and a class action is superior to other methods of adjudication for thousands of small-value claims. *See Local Joint Exec. Bd. Of Culinary/Bartender Tr. Fund v. Las Vegas Sands, Inc.*, 244 F.3d 1152, 1163 (9th Cir. 2001) (class actions are superior for cases involving "multiple claims for relatively small individual sums").

**C.    The Settlement Agreement meets the requirements for preliminary approval.**

"At the preliminary approval stage, a court determines whether a proposed settlement is within the range of possible approval and whether or not notice should be sent to class members." *True v. Am. Honda Motor Co.*, 749 F. Supp. 2d 1052, 1063 (C.D. Cal. 2010) (cleaned up). "Preliminary approval amounts to a finding that the terms of the proposed settlement warrant consideration by members of the class and a full examination at a final hearing." *Hunichen v. Atonomi LLC*, No. C19-0615-RAJ-SKV, 2021 WL 5854964, at *4 (W.D. Wash.

Nov. 12, 2021), *report and recommendation adopted*, No. 19-0615-RAJ-SKV, 2022 WL 4131590 (W.D. Wash. Sept. 12, 2022).

### 1.    Settlement Process

"Where reached after meaningful discovery, arm's length negotiation, and conducted by capable, experienced counsel, a proposed class settlement is presumptively fair." *Id.* at *5 (collecting cases). A settlement reached "with the assistance of an experienced and respected mediator" is also evidence of meaningful negotiation. *In re Google LLC Street View Elec. Comms. Litig.*, 611 F. Supp. 3d 872, 891 (N.D. Cal. 2020). The parties conducted informal discovery of non-public information on the Data Incident and attended mediation with an experienced mediator, resulting in a settlement in principle. Dkt. 25 at 10. Landin's counsel have significant experience litigating consumer class actions. Dkt. 26 at 1–5. And at this stage, there is no evidence of collusion or bad faith by counsel or the parties. Accordingly, the proposed settlement is presumptively fair.

### 2.    Adequacy of Representation

As discussed above, the evidence presented at this stage shows Landin has been represented by experienced class counsel who have conducted timely discovery on the core questions at issue and negotiated a settlement following private mediation with an experienced mediator. The Court has no current concerns about the adequacy of representation. *See In re Hyundai and Kia Fuel Economy Litig.*, 926 F.3d 539, 569 (9th Cir. 2019).

### 3.    Adequacy of Relief

The parties have shown that at this preliminary stage, the proposed settlement is "within the range of possible approval" and warrants notice to the class members. *True*, 749 F. Supp. 2d at 1063. Each class member is eligible to (a) make a claim of up to $5,000 in Out-of-Pocket Losses and Credit Monitoring and Identity Theft Protection or (b) a Pro Rata Cash Payment. *See*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

Dkt. 26-1 ¶¶ 50–52. With respect to the Pro Rata Cash Payment, the estimated settlement value of $33.97 per Class member aligns with or exceeds similar data breach settlement figures. *See, e.g.*, *In re Anthem, Inc. Data Breach Litigation*, 327 F.R.D. 299, 318–19 (N.D. Cal. 2018) (approving a $115 million settlement in a medical information data breach for 79.15 million Class members, or $1.45 per Class member); *In re LinkedIn User Privacy Litigation*, 309 F.R.D. 573, 587–88 (N.D. Cal. 2015) (approving per-claim payment of $14.81 and collecting other cases). The proposed service award and attorney's fees that Plaintiff's counsel plan to request are within range of similar cases, although the request will be evaluated by the Court after counsel submits a fee petition. *See* Dkt. 25 at 12. The Court also finds that the cost estimate submitted by the settlement administrator is adequate at this stage. *See generally* Dkt. 26-3.

### 4.    *Notice Plan*

Finally, the Court finds that the notice plan satisfies the requirements of Rule 23(e) and (c). Fed. R. Civ. P. 23(e)(1)(b) ("[T]he court must direct notice in a reasonable manner to all class members who would be bound by the proposal[.]"); Fed. R. Civ. P. 23(c)(2)(B) ("[T]he court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort."); *see also Churchill Village, L.L.C. v. General Elec.*, 361 F.3d 566, 575 (9th Cir. 2004) ("Notice is satisfactory if it generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard."). The Settlement Agreement contains a detailed notice plan consisting of direct mail postcards, a settlement website, a toll-free telephone number for information and questions related to the Settlement, a P.O. box address, and reminder notices. Dkt. 26-1 at 11.

1

2

### III.    CONCLUSION

For the reasons explained above, the Court GRANTS Plaintiff's unopposed motion for preliminary approval of class action settlement. Dkt. 25. The Court will separately enter the parties' proposed order on preliminary approval.

Dated this 11th day of March, 2025.

Tiffany M. Cartwright
United States District Judge