1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**TACOMA DIVISION**

8
9
10
11
12
13
14
15
16

SHAYNA MARIE LANDIN, on behalf of herself individually and on behalf of all others similarly situated,

                Plaintiff,

        v.

HI-SCHOOL PHARMACY SERVICES, LLC, and HI-SCHOOL PHARMACY, INC.,

           Defendant.

Case No. 3:24-cv-05115-TMC

**ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND NOTICE PLAN**

17
18
19
20
21
22
23
24
25
26

    **WHEREAS,** the above-captioned class action is pending in this Court (the "Action");

    **WHEREAS**, Plaintiff Shayna Marie Landin ("Plaintiff"), individually and on behalf of all others similarly situated, and Defendants Hi-School Pharmacy Services LLC and Hi-School Pharmacy, Inc., (collectively "Defendant") have entered into a Settlement Agreement (the "Settlement Agreement") that settles the above-captioned litigation and provides for a complete dismissal with prejudice of the claims asserted against Defendant in the above-captioned action (the "Action") on the terms and conditions set forth in the Settlement Agreement, subject to the approval of the Court;

ORDER GRANTING PLAINTIFF'S UNOPPOSED
MOTION FOR FINAL APPROVAL OF CLASS ACTION
SETTLEMENT - 1

**WHEREAS**, Plaintiff has made an application, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Settlement Agreement, certifying the Settlement Class for purposes of the Settlement only, appointing Plaintiff as Class Representative, appointing Class Counsel as counsel for the Settlement Class, appointing Simpluris as Settlement Administrator, and allowing notice to Settlement Class Members as more fully described herein;

**WHEREAS**, the Court has read and considered: (a) Plaintiff's Motion for Preliminary Approval of Class Action Settlement and Notice Plan, and the papers filed, and arguments made in connection therewith; and (b) the Settlement Agreement and exhibits attached thereto; and

**WHEREAS**, unless otherwise defined herein, the capitalized terms herein shall have the same meaning as they have in the Settlement Agreement.

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1.    **<u>Class Certification for Settlement Purposes Only</u>**. For settlement purposes only and pursuant to Federal Rule of Civil Procedure 23(e), the Court certifies, solely for purposes of effectuating the proposed Settlement, a Settlement Class in this matter defined as follows:

> all U.S. residents whose Personal Information was compromised in the Data Incident disclosed by Defendant, on or about December 5, 2023.

The Settlement Class includes approximately 17,662 people. The Settlement Class specifically excludes: (i) Hi-School, and its officers and directors; (ii) all Settlement Class Members who timely and validly request exclusion from the Settlement Class; (iii) the presiding judge, and his or her staff and family; and (iv) any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Data Incident or who pleads *nolo contendere* to any such charge.

ORDER GRANTING PLAINTIFF'S UNOPPOSED
MOTION FOR FINAL APPROVAL OF CLASS ACTION
SETTLEMENT - 2

2.    **Class Findings**: The Court provisionally finds, for settlement purposes only, that: (a) the Settlement Class is so numerous that joinder of all Settlement Class Members would be impracticable; (b) there are issues of law and fact common to the Settlement Class; (c) the claims of the Class Representative is typical of and arise from the same operative facts and seek similar relief as the claims of the Settlement Class Members; (d) the Class Representative and Settlement Class Counsel will fairly and adequately protect the interests of the Settlement Class as the Class Representative has no interests antagonistic to or in conflict with the Settlement Class and has retained experienced and competent counsel to prosecute this matter on behalf of the Settlement Class; (e) questions of law or fact common to Settlement Class Members predominate over any questions affecting only individual members; and (f) a class action and class settlement is superior to other methods available for a fair and efficient resolution of this controversy.

3.    **Class Representative and Settlement Class Counsel**: Shayna Marie Landin is hereby provisionally designated and appointed as the Class Representative. The Court provisionally finds that the Class Representatives are similarly situated to absent Settlement Class Members and therefore typical of the Settlement Class and that they will be adequate Class Representatives. The Court further finds that Gary M. Klinger of Milberg Coleman Bryon Phillips Grossman, PLLC are experienced and adequate counsel and are hereby provisionally designated as Settlement Class Counsel.

4.    **Preliminary Settlement Approval**. The Court hereby preliminarily approves the Settlement, as embodied in the Settlement Agreement, as being fair, reasonable, and adequate to the Settlement Class, subject to further consideration at the Final Approval Hearing to be conducted as described below. For the purposes of preliminary approval, the Court finds the proposed settlement is fair, reasonable, and adequate.

ORDER GRANTING PLAINTIFF'S UNOPPOSED
MOTION FOR FINAL APPROVAL OF CLASS ACTION
SETTLEMENT - 3

5.    **Final Approval Hearing**.    A Final Approval Hearing shall be held at 3:00 pm on July 31, 2025, in the United States District Court, Western District of Washington for the following purposes:

a.  To determine whether the proposed Settlement is fair, reasonable, and adequate to the Class and should be approved by the Court;

b.  To determine whether to grant Final Approval, as defined in the Settlement Agreement;

c.  To determine whether the notice plan conducted was appropriate;

d.  To determine whether the claims process under the Settlement is fair, reasonable and adequate and should be approved by the Court;

e.  To determine whether the requested Class Representative Service Award in the amount of $3,000 to Class Representative, and Class Counsel's attorneys' fees in the amount of $198,000 should be approved by the Court;

f.  To determine whether the settlement benefits are fair, reasonable, and adequate; and,

g.  To rule upon such other matters as the Court may deem appropriate.

6.    **Retention of Claims Administrator and Manner of Giving Notice**. Class Counsel is hereby authorized to retain Simpluris, (the "Settlement Administrator") to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of Claims as set for more fully below.

7.    **Approval of Form and Content of Notice**. The Court (a) approves, as to form and content, the Claim Form, Long Form Notice, and Summary (or Postcard) Notice, attached to the Settlement Agreement as Exhibits A, B and C, and (b) finds that the Notice provided to Settlement Class Members as set forth in the Settlement Agreement (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise the Settlement Class Members of the pendency of the Action, of the effect of the proposed Settlement (including the releases to be provided thereunder), of Class Counsel's request for Fee Award and Costs, of Class Representative's requests for Service Award

ORDER GRANTING PLAINTIFF'S UNOPPOSED
MOTION FOR FINAL APPROVAL OF CLASS ACTION
SETTLEMENT - 4

Payment, of their right to object to the Settlement, Class Counsel's request for Fee Award and Costs, and/or Class Representative's request for Service Award Payment, of their right to exclude themselves from the Settlement Class, and of their right to appear at the Final Approval Hearing; (iii) constitutes due, adequate and sufficient notice to all persons entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and all other applicable law and rules. The date and time of the Final Approval Hearing shall be included in the Notice before it is distributed so long as that date is known at the time of Notice.

8.      **Participation in the Settlement**. Settlement Class Members who qualify for and wish to submit a Claim Form shall do so in accordance with the requirements and procedures specified in the Notice and the Claim Form and must do so within ninety (90) days after the last day by which Notice must issue to the Settlement Class Members. If a Final Approval Order and Judgment is entered, all Settlement Class Members who qualify for any benefit under the Settlement but fail to submit a claim in accordance with the requirements and procedures specified in the Notice and the Claim Form shall be forever barred from receiving any such benefit, but will in all other respects be subject to and bound by the provisions in the Settlement Agreement, the Release included in that Settlement Agreement, and the Final Approval Order and Judgment.

9.      **Claims Process and Distribution and Allocation Plan**. The Settlement Agreement contemplates a process for the Settlement Administrator to assess and determine the validity and value of claims and a payment methodology to Settlement Class Members who submit a timely, valid Claim Form. The Court preliminarily approves the claims process described in the Settlement Agreement and directs that the Settlement Administrator effectuate

the distribution of Settlement consideration according to the terms of the Settlement Agreement, should the Settlement be finally approved.

10.    **Exclusion from Class**. Any Settlement Class Member who wishes to be excluded from the Settlement Class must mail a written notification of the intent to exclude himself or herself from the Settlement Class to the Settlement Administrator at the address provided in the Notice, postmarked no later than **60 Days** after the last day by which Notice must issue to the Settlement Class Members (the "Opt-Out/Objection Deadline"). The written notification must include the name of the proceeding, the individual's full name, current address, personal signature, and the words "Request for Exclusion" or a comparable statement that the individual does not wish to participate in the Settlement at the top of the communication.

Any Settlement Class Member who does not timely and validly exclude himself or herself from the Settlement shall be bound by the terms of the Settlement Agreement. If a Final Approval Order and Judgment is entered, any Settlement Class Member who has not submitted a timely, valid written notice of exclusion from the Settlement Class shall be bound by all proceedings, orders, and judgments in this matter, including but not limited to the Release set forth in the Final Approval Order and Judgment, including Settlement Class Members who have previously initiated or who subsequently initiate any litigation against any or all of the Released Parties relating to the claims and transactions released in the Settlement Agreement. All Settlement Class Members who submit valid and timely notices of exclusion from the Settlement Class shall not be entitled to receive any benefits of the Settlement.

11.    **Objections and Appearances**. No Settlement Class Member shall be heard, and no papers, briefs, pleadings, or other documents submitted by any Settlement Class Member shall be received and considered by the Court, unless the objection is filed with the Court and sent to

ORDER GRANTING PLAINTIFF'S UNOPPOSED
MOTION FOR FINAL APPROVAL OF CLASS ACTION
SETTLEMENT - 6

Counsel for the Parties, postmarked by no later than the Objection Date, as specified in the Settlement Agreement and Long Form Notice. For an objection to be considered by the Court, the objection must also include all of the information set forth in paragraph 64 of the Settlement Agreement, which is as follows: (i) the name of the proceedings; (ii) the Settlement Class Member's full name, current mailing address, telephone number, and email address; (iii) a written statement of the specific grounds for the objection, as well as any legal basis and documents supporting the objection; (iv) a written statement as to whether the objection applies only to the objector, to a specific subset of the class, or to the entire class; (v) the identity of any and all attorneys representing the objector; (vi) a statement regarding whether the Settlement Class Member (or his/her attorney) intends to appear at the Final Approval Hearing; and (vii) the signature of the Settlement Class Member or the Settlement Class Member's attorney.

12.    Any Settlement Class Member who fails to comply with the provisions in Paragraph 11 may waive and forfeit any and all rights he or she may have to object, and shall be bound by all the terms of the Settlement Agreement, this Order, and by all proceedings, orders, and judgments in this matter, including, but not limited to, the release in the Settlement Agreement if a Final Approval Order and Judgment is entered. If a Final Approval Order and Judgment is entered, any Settlement Class Member who fails to object in the manner prescribed herein shall be deemed to have waived his or her objections and shall be forever barred from making any such objections in this Action or in any other proceeding or from challenging or opposing, or seeking to reverse, vacate, or modify any approval of the Settlement Agreement, the motion for Service Award Payments, or the motion for Fee Award and Costs.

13.    **Termination of Settlement**. This Order shall become null and void and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective

positions existing as of the date of the execution of the Settlement Agreement if the Settlement is not finally approved by the Court or is terminated in accordance with the Settlement Agreement. In such event, the Settlement and Settlement Agreement shall become null and void and be of no further force and effect, and neither the Settlement Agreement nor the Court's orders, including this Order, relating to the Settlement shall be used or referred to for any purpose whatsoever.

14.    **Use of Order**. This Order shall be of no force or effect if a Final Approval Order and Judgment is not entered or there is no Effective Date and shall not be construed or used as an admission, concession, or declaration by or against Defendant of any fault, wrongdoing, breach, liability, or the certifiability of any class. Nor shall this Order be construed or used as an admission, concession, or declaration by or against the Settlement Class Representatives or any other Settlement Class Member that his or her claim lacks merit or that the relief requested is inappropriate, improper, unavailable, or as a waiver by any Party of any defense or claim he, she, or it may have in this litigation or in any other lawsuit.

15.    **Stay of Proceedings and Temporary Injunction**. Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Settlement Agreement. Pending final determination of whether the Settlement should be approved, the Court bars and enjoins Plaintiff, and all other members of the Settlement Class, from commencing or prosecuting any and all of the Released Claims against the Released Entities.

16.    **Taxes**. The Settlement Administrator is authorized and directed to perform all obligations with respect to taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Settlement Agreement.

The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

17.    **Summary of Deadlines**. The preliminarily approved Settlement shall be administered according to its terms pending the Final Approval Hearing. Deadlines arising under the Settlement Agreement and this Order include but are not limited to:

| FROM DATE OF PRELIMINARY APPROVAL | |
|---|---|
| Defendant provides Class List to the Settlement Administrator | +10 days |
| Notice Deadline | +30 days |
| Class Counsel's Motion for Attorneys' Fees, Reimbursement of Litigation Expenses, and Class Representative Service Award | +75 days |
| Opt-Out & Objection Deadline | +90 days |
| Claims Deadline | +120 days |
| **Final Approval Hearing** | +135 days from Preliminary Approval (at least) |
| Motion for Final Approval | -14 days before Final Approval Hearing Date |

**IT IS SO ORDERED** this 11th day of March, 2025.

Tiffany M. Cartwright
United States District Judge

ORDER GRANTING PLAINTIFF'S UNOPPOSED
MOTION FOR FINAL APPROVAL OF CLASS ACTION
SETTLEMENT - 9